OSCN Found Document:RE VIDEOCONFERENCING IN THE DISTRICT COURTS

 

 
 

 
 RE VIDEOCONFERENCING IN THE DISTRICT COURTS
2018 OK 96
Decided: 12/10/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 96, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

ORDER

The Rules for Videoconferencing Pilot Program previously adopted by this Court and codified as Rules 1.500 through 1.506 at Part XIII of the Oklahoma Supreme Court Rules, Okla. Stat. Title 12, Chap. 15, Appendix 1, are hereby withdrawn in their entirety. The attached rules for Videoconferencing in the District Courts are hereby adopted, to be codified as Rule 34 of the Rules for District Courts of Oklahoma, Okla. Stat. Title 12, Chapter 2, Appendix, and shall be effective December 15th, 2018.

DONE BY ORDER OF THE SUPREME COURT this 10th day of December, 2018.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

Rules for District Courts of Oklahoma
Title 12
Chapter 2, Appendix

Rule 34 -- Videoconferencing in the District Courts

A. General Provisions. 

The Supreme Court hereby authorizes and approves the use of videoconferencing in the District Courts of Oklahoma, as set forth in the following general provisions:

(1) A proceeding conducted by videoconferencing shall be conducted in the same manner as if the parties had appeared in person, and the judge presiding over the matter may exercise all powers consistent with the proceeding.

(2) In any proceeding conducted by videoconference, the remote location(s) shall be considered an extension of the courtroom and held before the judge who is presiding. The judge's pronouncements, instructions, and rulings shall have the same force and binding effect as if all participants had been physically present in the courtroom. The presiding judge shall consider and rule on any objections of a party or non-party witness prior to beginning the proceeding.

(3) An oath administered by the judge, court reporter, or other authorized person to a witness, interpreter, or a party in a proceeding conducted by videoconference shall have the same force and binding effect as if the oath had been administered to a person physically present in the courtroom.

(4) In any proceeding conducted by videoconference, a court reporter, who can see and hear the witness and other participants, may administer oaths, record notes, and transcribe the proceeding without being physically present in the same locale as either the judge or the remote participants.

(5) In any proceeding conducted by videoconference, an interpreter, who can see and hear the witness and other participants, may provide interpreter services without being physically present in the same locale as either the judge or the remote participants.

(6) Any system used for conducting a proceeding by videoconferencing shall conform to the following minimum requirements:

(a) Participants shall be able to see, hear, and communicate with each other simultaneously;

(b) Participants shall be able to see, hear, and otherwise observe any physical evidence or exhibit presented;

(c) Video and sound quality shall be adequate to allow participants to observe demeanor and nonverbal communications and to clearly hear what is taking place to the same extent as if they were present in the courtroom;

(d) The location from which the trial judge is presiding shall be accessible to the public to the same extent as the proceeding would be if not conducted by videoconference; and

(e) When feasible, a party and the party's attorney should be allowed to communicate privately off the record by use of a private communication facility (cellphone, landline, facsimile, Skype, etc.) during the proceeding, or during a break. The court is not required to provide a private communication facility if none is available.

(7) Any pleading, other document, or exhibit used in a proceeding conducted by videoconferencing may be transmitted between the court's location and any remote site by electronic means, including, but not limited to, facsimile, scan, or email. Signatures on any document transmitted by electronic means shall have the same force and effect as an original signature.

(8) Unless otherwise ordered by the judge, any original exhibit offered and/or admitted into evidence from a remote site shall be transferred by the moving party to the court reporter within two business days of the close of the proceeding. If no court reporter was utilized during the proceeding, the judge shall instruct the moving party regarding the transmission and custody of the exhibit.

(9) Any stipulation/waiver of any right to be present in the courtroom shall be obtained at the commencement of the proceeding, either on the record or in writing. A written stipulation/waiver shall be filed in the case and made a part of the record.

(10) This Rule authorizes the use of videoconferencing in all stages of civil or criminal proceedings.

(11) In all other respects, a proceeding conducted using videoconferencing technology shall be conducted in the same manner as any proceeding conducted in person at one site.

(12) This Rule is not intended to affect the statutory authorization for the limited uses of videoconferencing technology found in the Judge Gary Dean Courtroom Technology Act, Okla. Stat. tit. 20, Â§Â§ 3005 & 3006 (2011), or the Uniform Child Witness by Alternative Methods Act, Okla. Stat. tit. 12, Â§Â§ 2611.3 through 2615 (2011).

B. Definitions

For purposes of this Rule the following definitions shall apply:

(1) "court" shall mean any District Court in the State of Oklahoma,

(2) "judge" shall include any judge who presides over a proceeding in District Court using videoconferencing technology,

(3) "videoconferencing" is defined as an interactive technology that sends video, voice and data signals over a transmission circuit so that two or more individuals or groups can communicate with each other simultaneously using video monitors, and

(4) "participants" include litigants, crime victims, counsel, witnesses while on the stand, essential court staff and interpreters, but excludes other interested persons and the public at large.

C. Court's Discretion. 

This Rule is intended to provide a judge presiding over any matter in District Court with broad discretion regarding the use of videoconferencing. The judge may consider one or more of the following criteria in determining whether to permit the use of videoconferencing technology in a particular case:

(1) Whether any undue surprise or prejudice would result;

(2) Whether the proponent of the use of videoconferencing technology has been unable, after diligent effort, to procure the physical presence of a witness;

(3) The convenience of the parties and the proposed witness, and the cost of producing the witness in person in relation to the importance of the offered testimony;

(4) Whether the procedure would allow for full and effective cross-examination, especially where such cross-examination would involve documents or other exhibits;

(5) The importance of the witness being personally present in the courtroom where the dignity, solemnity, and decorum of the surroundings will impress upon the witness the duty to testify truthfully;

(6) Whether a physical liberty or other fundamental interest is at stake in the proceeding;

(7) Whether the court is satisfied that it can sufficiently know and control the proceedings at the remote location so as to effectively extend the courtroom to such location;

(8) Whether the participation of an individual from a remote location presents such person in a diminished or distorted sense such that it negatively reflects upon such individual to persons present in the courtroom;

(9) Whether the use of videoconferencing diminishes or detracts from the dignity, solemnity, and formality of the proceeding such as to undermine integrity, fairness, and effectiveness;

(10) Whether the person proposed to appear by videoconferencing presents a significant security risk to transport and present personally in the courtroom;

(11) Waivers and stipulations of the parties offered and agreed upon and approved by the court, including waiver of any requirement set forth in this Rule, or stipulation to any different or modified procedure; and

(12) Such other factors as the court may, in each individual case, determine to be relevant.

D. Use in Civil Cases, Juvenile Cases, and Special Proceedings

(1) Subject to the provisions set forth in paragraphs A and C, and to the limitations of subsection (2) of this paragraph, a court may, on its own motion or at the request of any party, in any civil case, juvenile case, or special proceeding permit the use of videoconferencing technology in any pre-trial, trial, or post-trial proceeding, including administrative appeals.

(2) A proponent of a witness via videoconferencing technology at any hearing or trial shall file and serve on the opposing party a notice of intent to present testimony by videoconferencing technology at least thirty (30) days prior to the scheduled start of such proceeding. Any party may file an objection within ten (10) days of service of the notice of intent. The court may in its discretion shorten the time to file notice of intent and objection. If an objection is filed, the court shall determine the objection in the exercise of its discretion considering the criteria set forth in paragraphs A and C with a detailed finding on the record. In a civil matter, the proponent shall be responsible for all costs associated with the presentation of testimony, unless otherwise stipulated or ordered by the judge.

E. Use in Criminal Cases and Proceedings

(1) Subject to the provisions set forth in paragraphs A and C, and to the limitations in subsections (2) and (3) of this paragraph, a court may, on its own motion or at the request of any party, in any criminal case permit the use of videoconferencing technology in any pre-trial, trial or fact-finding, or post-trial proceeding.

(2) Except as may otherwise be provided by law, a defendant in a criminal case retains the right to be physically present in the courtroom at all critical stages of the proceeding. This Rule is not intended to limit existing rights or create new rights for a defendant.

(3) A proponent of a witness via videoconferencing technology at any hearing shall file and serve on the opposing party a notice of intent to present testimony by videoconference technology at least thirty (30) days prior to the scheduled start of such proceeding. Any party may file an objection within ten (10) days of service of the notice of intent. The court may in its discretion shorten the time to file a notice of intent or objection. If an objection is filed, the court shall resolve the objection in the exercise of its discretion considering the criteria set forth in paragraphs A and C with a detailed finding on the record. The judge shall determine and assess all costs associated with the proceeding.

Â 

Â